**Will ABERCROMBIE, Jr.**

v.

**NATIONWIDE MUTUAL INSURANCE COMPANY.**

No. CIV. Y–97–2557.

United States District Court,
D. Maryland.

April 9, 1998.

Will Abercrombie, Jr., Baltimore, MD, pro se.

Patricia McHugh Lambert, Towson, MD, Una M. Perez, Towson, MD, for Defendant.

### MEMORANDUM OPINION

JOSEPH H. YOUNG, Senior District Judge.

### I.

This suit, originally filed in the Circuit Court for Baltimore City, Maryland, was removed to this court. The case results from the separation of Plaintiff Will Abercrombie, Jr., a trial attorney, from Defendant Nationwide Mutual Insurance Company ("Nationwide"), an Ohio corporation with its principal place of business in Ohio. The complaint alleges Maryland state law claims for fraud, negligent misrepresentation, and breach of contract. The Court previously dismissed the breach of contract claim, and Nationwide now moves for summary judgment.

The record establishes certain undisputed facts. Plaintiff worked for Nationwide as a trial attorney from 1979 until his separation in 1997, with one brief hiatus. It is undisputed that Plaintiff was an at-will employee. The crux of this dispute results from a change in Nationwide's policy concerning its attorneys' outside private practice of law. Prior to 1989, each regional Nationwide office determined the policies concerning outside employment by its attorneys. The Maryland office permitted its attorneys to engage in private practice. In 1990, after Nationwide reorganized its trial operations, it prohibited private practice by its attorneys, but permitted individual attorneys to apply for an exemption to this policy, subject to certain conditions. It is undisputed that Plaintiff received an exemption in 1990—the so-called "grandfather status".

Nationwide changed its policy again in 1995 to prohibit all outside practice by its attorneys, including those who previously received exemptions. Plaintiff received notice of this change, which required attorneys to conclude their outside practice by December 31, 1997. Plaintiff discussed the new policy with his supervisors, informed them of his displeasure with the new policy, and told his supervisor he intended to resign as of December 31, 1997. Plaintiff failed to observe new practice guidelines implemented with the outside practice guidelines, and Nationwide terminated his employment on April 10, 1997.

Nationwide contends Plaintiff may not maintain an action for negligent misrepresentation or fraud because he has not satisfied the elements of those torts under Maryland law.

## II.

### A.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). Disputes over facts that could affect the outcome of the litigation under governing law will preclude the entry of summary judgment. However, the Court will not consider irrelevant or unnecessary factual disputes. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A "genuine" dispute about a material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id.*

The party seeking summary judgment bears the initial burden of showing that there is an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). This burden does not require the moving party to produce evidence showing the absence of a genuine issue of material fact, but only to point out the absence of a material fact. *Id.* In response,

the non-moving party "may not rest upon the mere allegations or denials of the adverse party's pleadings, but ... must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e); *Anderson,* 477 U.S. at 248; *Sylvia Dev. Corp. v. Calvert County,* 48 F.3d 810, 817 (4th Cir.1995). Failure to demonstrate a genuine issue for trial will result in summary judgment. *Strag v. Board of Trustees,* 55 F.3d 943, 951 (4th Cir.1995). The mere existence of a scintilla of evidence in support of Plaintiff's case is insufficient; there must be evidence on which the jury could reasonably find for the non-moving party. *Anderson,* 477 U.S. at 252. Plaintiff's evidence, however, is to be believed and all justifiable inferences are to be drawn in his favor. *Id.* at 255 (citing *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 158–59, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970)).

### B.

A claim for negligent misrepresentation lies if:

(1) the defendant, owing a duty of care to the plaintiff, negligently asserts a false statement;

(2) the defendant intends that his statement will be acted upon by the plaintiff;

(3) the defendant has knowledge that the plaintiff will probably rely on the statement, which, if erroneous, will cause loss or injury;

(4) the plaintiff, justifiably, takes action in reliance on the statement; and

(5) the plaintiff suffers damage proximately caused by the defendant's negligence.

*Martens Chevrolet, Inc. v. Seney,* 292 Md. 328, 337, 439 A.2d 534 (1982).

### III.

### A.

Nationwide first argues that Plaintiff's status as an at-will employee fails to create a legally cognizable duty. Nationwide, however, misstates the nature of an at-will employment relationship under Maryland law, which simply denotes an employ-

ment contract of indefinite duration which either employer or employee may terminate at any time, for any reason. *Suburban Hosp., Inc. v. Dwiggins,* 324 Md. 294, 303, 596 A.2d 1069 (1991). As such, an at-will employment contract concerns only the duration of employment, and the mere at-will nature of an employment contract does not *ipso facto* dictate whether that relationship creates duties between employer and employee.

■ Further, Maryland clearly holds that contractual privity, such as that created by a contract of employment, creates a sufficiently "intimate nexus" to sustain the tort of negligent misrepresentation. *L & P Converters, Inc. v. Alling & Cory Co.,* 100 Md.App. 563, 570, 642 A.2d 264 (1994).[1] The Maryland Court of Appeals has emphasized the relationship between the parties, and the nature of harm likely to result, as the principal determinants of when a tort duty of care arises. *Weisman v. Connors,* 312 Md. 428, 445–46, 540 A.2d 783 (1988). Moreover, the arms-length nature of a transaction involving solely pecuniary loss does not automatically bar imposition of a duty, provided the requisite privity or special relationship exists between the parties. *Id.* at 448, 540 A.2d 783.

■ A contractual employment relationship existed between Plaintiff and Nationwide which, under Maryland law, satisfies the duty element of the tort of negligent misrepresentation. *L & P Converters, supra.* The contractual relationship, though between two sophisticated parties, cannot be characterized as an arms-length transaction. The parties were well acquainted and had an ongoing relationship in excess of ten years at the time of the incidents undergirding this litigation. Further, the private practice policy at issue was obviously of considerable import to both parties, and Plaintiff has indicated his decision to continue employment at Nationwide hinged on his ability to continue privately practicing law. Under these cir-

cumstances, the need for accurate information by both parties was a crucial element of the disputed transaction, and the relationship of the parties was "such that in morals and good conscience the [parties] had the right to rely upon the other for information, and the [party] giving the information owe[d] a duty to give it with care." *Id.* at 447, 540 A.2d 783 (quoting with approval *International Pdcts. Co. v. Erie R. Co.,* 244 N.Y. 331, 155 N.E. 662 (1927)).

In short, the undisputed facts demonstrate a close relationship which satisfies the duty element of the tort of negligent misrepresentation. Accordingly, Nationwide's motion cannot be sustained on this ground.

## B.

■ Nationwide next contends that Plaintiff cannot prevail because the representation at issue—that Plaintiff was "grandfathered" and could continue the private practice of law—is a statement of future intention which cannot serve as the basis for a fraud or negligent misrepresentation claim.

In Maryland, only a false statement concerning a present or past event may undergird a claim for fraud or negligent misrepresentation. *Weisman,* 312 Md. at 454–55, 540 A.2d 783. In *Weisman,* the statements at issue concerned the plaintiff's employment conditions, and the defendant told plaintiff he would have broad executive responsibility, would receive a life insurance policy, and would receive equity participation in certain joint ventures during negotiations concerning employment. *Id.* at 453–54, 540 A.2d 783. The Maryland Court of Appeals found these statements were not completely statements of present or past fact because they concerned an occupational position which was not sufficiently well-defined and established "as to take on an objective existence of its own, apart from the expectations or intentions of the employer." *Id.* at 454, 540 A.2d

1. Cases in this court prior to *L & P Converters* had held that mere contractual privity did not, under Maryland law, suffice to create the required duty underlying an action for negligent misrepresentation. *Flow Indus., Inc. v. Fields Constr. Co.,* 683 F.Supp. 527, 530 (D.Md.1988); *Martin Marietta Corp. v. INTELSAT,* 763 F.Supp.

1327, 1332–33 (D.Md.1991), *aff'd in part, rev'd in part,* 991 F.2d 94 (4th Cir.1992). These cases, however, were decided without the benefit of *L & P Converters,* which the Court must follow in this diversity case. *Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

783. However, the court rejected the lower court's characterization of the statements as statements of expectation, prediction, or future intent, because the speaker had full control over the nature of the employment and duties at issue. *Id.* at 455, 540 A.2d 783. The Court of Appeals characterized the statements as present, not future, in nature given the speaker's total control over plaintiff's duties. *Id.*

*Weisman* thus holds that a statement concerning future events, such as Plaintiff's ability to continue the private practice of law, may support a claim for fraud or negligent misrepresentation if it relates to matters within the speaker's exclusive control, rather than an expectation or prediction of future events. *See Gross v. Sussex, Inc.,* 332 Md. 247, 272, 630 A.2d 1156 (1993). Construing the facts most favorably for Plaintiff, as the Court must on a motion for summary judgment, *Matsushita Elec. Indus. Co. v. Zenith Radio,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986), the statement at issue purports to guarantee Plaintiff the right to maintain an outside law practice. This statement of Nationwide's intent refers to a time encompassing at least the immediate future. However, Plaintiff testified in his deposition that Terry Fantone and John Flynn, who were Plaintiff's immediate supervisors, made the statements at issue assuring Plaintiff that he had grandfather status. Def.'s Mot. for S.J., Exh. A, Dep. of Plaintiff, at 160. The record contains no evidence that these individuals had the authority to grant, change, or eliminate Plaintiff's grandfather status, and Plaintiff has not presented any evidence to demonstrate the existence of a material factual dispute regarding this issue, as he must in response to Nationwide's motion. Indeed, the record indicates that John Jones, head of Nationwide's trial division, made the key decisions concerning Nationwide's policy concerning outside law practice, and, by inference, that he had the exclusive ability to change the policy. Def.'s Mot. for S.J., Exh. C, Dep. of John Jones, at 63–65; *id.* subpts. 1 & 2, Mems. of Trial Div. & John Jones. Accordingly, the statement at issue here cannot support a fraud or negligent misrepresentation claim because the record fails to demonstrate that the decision to grant grandfather status, or to change the private practice policy at a later time, was within the exclusive control of the individuals alleged to have made the statement. Rather, the record indicates that John Jones, who did not make the statements at issue, possessed, at a minimum, the exclusive power to change the policy and revoke Plaintiff's status.

### C.

■ Further, Nationwide's motion must be granted because Plaintiff has not demonstrated that the statement concerning his grandfather status was false when made, the *sine qua non* of fraud or negligent misrepresentation under Maryland law. *Gross,* 332 Md. at 259, 630 A.2d 1156. When Plaintiff was told he had grandfather status in 1990, the statement was not false. Plaintiff was undisputedly permitted to practice law for approximately five years after he received grandfather status and Nationwide did not announce a change in the policy until 1995. A different situation would arise had Plaintiff proven that Flynn or Fantone either knew, or had reason to know and negligently failed to inform Plaintiff, that the private practice policy would be changed in the future and that Plaintiff's exemption would be eliminated. *See Miller v. Fairchild Indus., Inc.,* 97 Md.App. 324, 346, 629 A.2d 1293 (1993). However, the record shows no such indication; indeed, Plaintiff stated at his deposition that he had no reason to believe that Flynn or Fantone knew the statements were false when made, or that they should have checked to determine whether it was true. Def.'s Mot. for S.J., Exh. A, Dep. of Plaintiff, at 163. Accordingly, Plaintiff's claims cannot be sustained.

Based upon the foregoing analysis, the undisputed factual record demonstrates that the statements at issue in this case cannot support liability for fraud or negligent misrepresentation under Maryland law. Accordingly, the Court will grant Nationwide's motion for summary judgment, and enter judgment for Nationwide.

### ORDER

In accordance with the attached Memorandum, it is this 9th day of April 1998, by the

United States District Court for the District of Maryland, ORDERED:

1. That Defendant's Motion for Summary Judgment (Paper No. 19) BE, and hereby IS, GRANTED; and

2. That Judgment BE, and hereby IS, ENTERED for Defendant; and

3. That a copy of this Memorandum and Order be mailed to counsel for the parties.